## CIRCUIT COURT OF FAIRFAX COUNTY

McLean Financial

v.

Michael LaComb et al.

v.

Signator Ins. Co.
and John Hancock Life Ins. Co.

October 2, 2002

Case No. (Law) 188797

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This letter is in response to the various motions and inquiries to the Court in the above referenced matter. Having reviewed the pleadings in this case and upon hearing oral argument by Counsel for Third-Party Defendants Signator Insurance Co. and John Hancock Life Insurance Co. on their Motion to Proceed with Summary Judgment, I advise all parties of the following regarding the status of this case.

Judge Thatcher's July 30, 2001, Order vacating his March 20, 2001, Order granting Plaintiff McLean Financial judgment against Mr. LaComb and dismissing Mr. LaComb's Third-Party Claims against Signator Insurance Co. and John Hancock Life Insurance Co. is valid, and all claims pending in this matter remain active.

Mr. LaComb, by virtue of his incarceration is under disability, and therefore entitled to a guardian *ad litem* in relation to McLean Financial's claims against him. McLean Financial may not proceed against Mr. LaComb until such time as a guardian *ad litem* is appointed to represent Mr. LaComb. The Court will appoint a guardian *ad litem* to represent Mr. LaComb if

McLean Financial wishes to continue to proceed against Mr. LaComb. The Court will order that the guardian *ad litem* is to be paid out of Mr. LaComb's assets, if any. If no such assets are readily available, the guardian *ad litem* fees will be paid by McLean Financial. I request that Counsel for McLean Financial confirm in writing with the Court and all parties in this matter, no later than October 10, 2002, that it intends to continue to proceed against Mr. LaComb and is willing to pay Mr. LaComb's guardian *ad litem* fees if necessary.

Mr. LaComb is not entitled to have a guardian *ad litem* appointed in relation to his Third-Party Claims against Signator Insurance Co. and John Hancock Life Insurance Co. However, those claims cannot proceed in Mr. LaComb's absence. I am unwilling to order Mr. LaComb to be transferred from the Deep Meadows Correctional Center during his incarceration.

This matter presently is docketed for trial on October 29, 2002. The appointment of a guardian *ad litem*, if necessary, will almost certainly delay trial; however, this matter will not be removed from the Court's trial docket at this time.

Third-Party Defendants Signator Insurance Co. and John Hancock Life Insurance Co. presently have pending before the Court a Motion to Proceed with Summary Judgment. The Court will not hear Third-Party Defendants' Motion, and the Motion will be removed from the October 4, 2002, motions docket.

The Court is aware that Third-Party Defendants Signator Insurance Co. and John Hancock Life Insurance Co. have outstanding discovery requests in this matter. If McLean Financial elects to proceed against Mr. LaComb, this matter will be continued until such time as a guardian *ad litem* can be appointed to represent Mr. LaComb. If McLean Financial elects not to proceed against Mr. LaComb, this matter will be continued until Mr. LaComb completes his period of incarceration, in the event he does not want to nonsuit those claims. Third-Party Defendants Signator Insurance Co. and John Hancock Life Insurance Co. will not be prejudiced in their efforts to obtain discovery material, nor in their attempt to dispose of this matter on a Motion for Summary Judgment on some occasion in the future.